UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.J. AHRENS EXCAVATING , INC.,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 4:10-CV-1313 SNLJ |
| ) | |
| AMEC CONSTRUCTION   ) | |
| MANAGEMENT, INC., f/k/a MORSE   ) | |
| DIESEL INT'L, INC., and CMR   ) | |
| CONSTRUCTION, INC.,   ) | |
| ) | |
| Defendants.   ) | |

## MEMORANDUM AND ORDER

Plaintiff T.J. Ahrens Excavating, Inc. has filed a breach of contract action in connection with the construction of the Thomas F. Eagleton Federal Courthouse ("the Courthouse") in St. Louis, Missouri.  This matter is before the Court on Defendant AMEC Construction Management, Inc.'s (hereinafter "Defendant AMEC") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted [9], filed July 26, 2010.  Responsive pleadings have now all been filed and this matter is ripe for disposition.

Plaintiff seeks damages for breach of contract in connection with the construction of the Courthouse.  Plaintiff, a subcontractor contracted to perform work in the construction of the Courthouse, claims it is entitled to certain monies pursuant to a 1996 "Standstill Agreement." Plaintiff entered into the Standstill Agreement with AMEC and CMR Construction, which formed a partnership known as Morse Diesel International in association with CMR Construction, Inc. to serve as the general contractor in the construction of the Courthouse.

Plaintiff contends that under the 1996 Standstill Agreement, Defendants agreed to present Plaintiff's claims for money owed to Plaintiff arising out of Plaintiff's work relating to the construction of the Courthouse in the amount of $1,069,000 to the General Services Administration

Defendant AMEC seeks to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant argues that Plaintiff released Defendant AMEC from all present and future claims in connection with the "Eagleton Courthouse Project" when the parties entered into a 1997 "Settlement Release Agreement" and a subsequent "2002 Release."

The parties have filed with the Court, for its review and consideration, numerous documents, including but not limited to the 1996 Standstill Agreement, the 1997 Settlement Release Agreement, the 2002 Release, court documents from litigation in connection with the construction of the Courthouse, newspaper articles regarding the construction and litigation pertaining to the Courthouse, and affidavits.

It is clear that resolution of the issue raised by the Defendant's motion to dismiss requires the Court's consideration of materials outside the pleadings. Thus, the Court will convert the motion to dismiss to a motion for summary judgment and give the parties additional time to file supplemental briefs or notice to court they stand on the pleadings as filed.  *See* Fed. R. Civ. P. 12(d); Van Zee v. Hanson, 630 F.3d 1126, 1128-29 (8th Cir. 2011); *see also* Brooks v. Midwest Heart Grp., 655 F.3d 796 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** the parties shall supplement their briefs, if necessary, on or before November 18, 2011.  Responsive pleadings may be filed on or before November 30, 2011.

No other briefing will be allowed by the Court nor any extension of time except for good cause shown.

Dated this 7th day of November, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE